IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

NICHOLAS HEBERT                                                                                      PLAINTIFF

v.                                        CIVIL NO. 19-3004

ANDREW M. SAUL,[1] Commissioner
Social Security Administration                                                                DEFENDANT

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, Nicholas Hebert, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.    Procedural Background:**

Plaintiff protectively filed his current application for DIB on December 11, 2016, alleging an inability to work since August 6, 2015, due to anxiety, depression and a personality disorder. (Tr. 112, 126). On November 28, 2017, Plaintiff voluntarily waived, in writing, the right to personally appear and testify at an administrative hearing. (Tr. 21, 103-104, 91-92).

---

[1] Andrew M. Saul, has been appointed to serve as Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

By written decision dated June 7, 2018, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 23). Specifically, the ALJ found Plaintiff had the following severe impairments: a depressive disorder and an anxiety disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 23). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he can perform work where interpersonal contact is only incidental to the work performed and where the complexity of tasks is learned and performed by rote with few variables and little judgment. The required supervision is simple, direct and concrete.

(Tr. 25). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a price marker, a canning machine tender and a bottling line attendant. (Tr. 30).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which after reviewing additional evidence submitted by Plaintiff, denied that request on November 5, 2018. (Tr. 1-7). Subsequently, Plaintiff filed this action. (Doc. 1). Both parties have filed appeal briefs, and the case is before the undersigned for report and recommendation. (Docs. 11, 13).

The Court has reviewed the entire transcript. The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.     Applicable Law:**

The Court reviews "the ALJ's decision to deny disability insurance benefits de novo on the record to ensure that there was no legal error and that the findings of fact are

supported by substantial evidence on the record as a whole." Combs v. Berryhill, 878 F.3d 642, 645-46 (8th Cir. 2017). "Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support a conclusion." Id. The Court considers "the record as a whole, reviewing both the evidence that supports the ALJ's decision and the evidence that detracts from it." Id. The Court will not reverse an administrative decision simply because some evidence may support the opposite conclusion. Perkins v. Astrue, 648 F.3d 892, 897 (8th Cir. 2011). If, after reviewing the record, the Court finds it possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the Court must affirm the ALJ's decision. Id.

It is well established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir.2001); see also 42 U.S.C. § 423(d)(1)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the

impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. See 20 C.F.R. § 404.1520. Only if the final stage is reached does the fact finder consider the Plaintiff's age, education, and work experience in light of his residual functional capacity. See McCoy v. Schweiker, 683 F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d 504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

### III. Discussion:

When the Appeals Council has considered material new evidence and nonetheless declined review, the ALJ's decision becomes the final action of the Commissioner. The Court then has no jurisdiction to review the Appeals Council's action because it is a nonfinal agency action. See Browning v. Sullivan, 958 F.2d 817, 822 (8th Cir. 1992). At this point, the Court's task is only to decide whether the ALJ's decision is supported by substantial evidence in the record as a whole, including the new evidence made part of the record by the Appeals Council that was not before the ALJ. As the United States Court of Appeals for the Eighth Circuit has noted, "this [is] a peculiar task for a reviewing court." Riley v. Shalala, 18 F.3d 619, 622 (8th Cir.1994). However, once it is clear that the Appeals Council considered the new evidence, the Court must factor in the evidence and determine whether the ALJ's decision is still supported by substantial evidence. This requires the Court to speculate on how the ALJ would have weighed the newly submitted evidence had it been available at the initial hearing. Flynn v. Chater, 107 F.3d 617, 621 (8th Cir.1997). Thus, the Court has endeavored to perform this function with respect to the newly submitted evidence.

Plaintiff submitted records dated prior to, during and after the relevant time period to the Appeals Council. One of the records submitted was a letter dated November 25, 2017, from Kate Z. Doucet, LPC, that summarized Ms. Doucet's counseling sessions with Plaintiff. (Tr. 47-48). Ms. Doucet indicated that she had seven counseling sessions with Plaintiff beginning on September 14, 2016, and ending on November 7, 2016. Ms. Doucet noted Plaintiff presented with intense social anxiety that impaired his ability to lead a normal life. Ms. Doucet recounted numerous approaches made during Plaintiff's sessions to help decrease Plaintiff's level of anxiety all of which despite Plaintiff's full effort failed. Ms. Doucet indicated that Plaintiff's severe social anxiety disorder caused serious impairment to daily life. The Court notes Ms. Doucet's assessment is similar to that of Dr. Steve A. Shry, the consultative examiner, who opined Plaintiff would likely be significantly impaired in his ability to communicate and interact in a socially adequate manner when under stress. (Tr. 215). Had the ALJ had Ms. Doucet's medical evidence before him when making the decision in this case, the outcome may very well have been different. Accordingly, the Court believes that remand is necessary to allow the ALJ to consider this new and material evidence. With this evidence, the ALJ should then re-evaluate Plaintiff's RFC and specifically list in a hypothetical to a vocational expert any limitations that are indicated in the RFC assessment and supported by the evidence.

The undersigned acknowledges that the ALJ's decision may be the same after proper analysis. Nonetheless, proper analysis must occur. <u>Groeper v. Sullivan</u>, 932 F.2d 1234, 1239 (8th Cir. 1991).

**IV.     Conclusion:**

Based on the foregoing, the undersigned recommends reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).  **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 15th day of November 2019.


/s/  *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE